Per Curiam.
The complaint avers that the defendant is a corporation, &c., that the business of defendant is to “ receive and transmit messages by telegraph over wires, &c.,” and “to receive, transmit, and deliver messages from abroad,” sent over submarine telegraph cables, for connection with its lines of wire, &c.; that one Liner sent from Paris to plaintiff, addressed as “ Mentor,” at New York, a message concerning the business of plaintiff; that plaintiff went to defendant’s office, and informed its servants that he was the person intended by “ Mentor,” and gave to them his address, which they registered in a book ; that said servants represented to the plaintiff that any *115 message sent by cable from Paris to New York, would be received by and through defendant in New York, and said defendant undertook, promised and agreed with plaintiff to deliver said message when received, to plaintiff, at the address he had given, safely, promptly, with diligence and dispatch, and plaintiff then offered to pay and reward said defendant in advance for said service, and for registering plaintiff’s name and address, but said defendant “then declined to receive or accept pay or reward that the message had been received by defendant, but defendant had not delivered it, &c., to the damage, &c.
The cause of action which the plaintiff relies on, is the contract to deliver the message at his address, and its breach. The averments do not show, however, that the so-called contract was supported by any consideration. The complaint alleges that the plaintiff offered “to pay and reward said defendant,” but it is not averred that the. promise was made in consideration of the reward, or- of a promise to pay a reward. A tender or offer to pay money, to have significance, must be of money, a promise to pay, which otherwise appears to form the consideration.
It is argued that according to the averments of the complaint, the trust and confidence of the plaintiff in the defendant is a sufficient consideration. In cases where trust and confidence it is said have been sufficient consideration, property has been entrusted to the promisor, on an express or implied promise to do something with or concerning the property. It appears in this case that the plaintiff not only did not part with property, but did not omit to do anything which, but for the defendant’s promise, he might have done for his own benefit.
It is further urged that it was the legal duty of the defendant to deliver the message, if a proper compensation were offered. Primarily, a failure to do that duty would give an action in tort and not in contract. But if an implied contract to do the duty arises from the circumstance, and which may be stated in the complaint as if it *116 had been specifically made, then the complaint should state the defendant’s legal obligation in respect of the thing promised to be done by the alleged contract. In the present case, the contract is not to deliver at defendant’s office, but beyond its line of wire or its office, to another place in the city, and by means not in the nature of a telegraphic communication. The complaint does not aver that it was the legal duty of the defendant, either in general, or do the plaintiff particularly, to do this.
As the defendant’s alleged promise is not in respect of any alleged legal duty, and is not supported by any consideration, the judgment is affirmed, with costs.